UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------

Judith S. Lambert,

                         Plaintiff,

-vs.-

Onondaga Community College,

                         Defendant.
------------------------------------------------------------

COMPLAINT AND JURY DEMAND

Index No. 03-CV- 03-CV-956 NPM/GJD

Plaintiff by and through her attorney, Stefan D. Berg, complain of the Defendant as follows:

## I. SUMMARY OF ACTION

1.)   This is an action pursuant to the Civil Rights Statutes, the Age Discrimination in Employment Act 29 U.S.C. § 621 as amended, the Americans with Disabilities Act 42 U.S.C. 122112 et seq., Civil Rights Act of 1991, New York Executive Law § 296 (1)(a) and the common law of the State of New York to recover damages incurred by Plaintiff as a result of violation of Civil Rights Act of 1991, The ADEA, 29 U.S.C. § 621 as amended, Americans with Disabilities Act 42 U.S.C. § 12112 et seq., New York Executive Law §296 (1) (a) and the common law of New York State.

2.)   In this action, Plaintiff seeks to recover the wages, pension benefits, medical benefits and medical costs lost or incurred as a result of Defendant's discriminatory policies and its fostering a hostile work environment

## II. PRELIMINARY STATEMENT

3.)   This action seeks declaratory, injunctive and equitable relief; liquidated and compensatory damages; and costs and attorney's fees for the age and disability discrimination suffered by Plaintiff; for the hostile work environment created by the Defendant; and for the

emotional distress and mental anguish intentionally inflicted upon them. Defendant willfully discriminated against the Plaintiff on account of her age in violation of 29 U.S.C. § 621 et seq. and her disability in violation of 42 U.S.C. §11212,C. § 2000e and against her based on her age and disability in violation of New York Executive Law §296.

### III. JURISDICTION

4.) This action arises under 29 U.S.C. § 621 et seq., 42 U.S.C.§ 12112, Civil Rights Act of 1991, New York Executive Law §296, and the common law of New York State.

5.) Jurisdiction of this court is invoked pursuant to 42 U.S.C. 1981, 29 U.S.C. § 621 et seq. the Civil Rights Act of 1991, and 28 U.S.C. §§1331 and 1343(a)(4); and over the State law claims pursuant to the doctrine of pendent jurisdiction.

6.) Declaratory and injunctive relief is sought pursuant to 29 U.S.C. §621 et seq., 42 U.S.C. § 12112 et seq., 28 U.S.C. §2201 and §2202.

7.) Compensatory damages are available under 42 U.S.C. §12112 et seq., compensatory damages are available under the pendent claims and punitive damages are available under 42 U.S.C. § 1981(a).

8.) Costs and reasonable attorney's fees may be awarded pursuant to 42 U.S.C. §1981, 29 U.S.C. § 621, 42 U.S.C. § 1988, and Federal Rules of Civil Procedure 54.

9.) Plaintiff Lambert filed a complaint with the Equal Employment Opportunities Commission., charge No. 165A300314

    A.) On or about April 30, 2003 The EEOC issued a right to sue letter to Plaintiff.

    B.) Plaintiff received that letter on or after may 2, 2003.

    C.) Less than 90 days have passed since Plaintiff received that right to sue

letter.

## IV. VENUE

10.) This action properly lies in the Northern District of New York, pursuant to 28 U.S.C. §1391(b), because the claim arose in this judicial district.

## V. PARTIES

11.) Plaintiff is a citizen and resident of the United States, Onondaga County and the State of New York.

12.) Defendant Onondaga Community College is an agency of a Municipal Corporation.

## VI. FACTS

13.) Plaintiff is a fifty five year old woman.

14.) Plaintiff has been employed by Defendant since 1973.

15.) Plaintiff's current position with Defendant is Professor of Dental hygiene.

16.) Plaintiff has informed Defendant since 1995 of her disability.

17.) Since 2001, Plaintiff has requested that Defendant provide her with an accommodation for her disability.

18.) Defendant has refused to provide Plaintiff with an accommodation for her disability.

19.) In the summer of 2001, Plaintiff's colleagues voted for her to serve as Chairperson of the Dental Hygiene Department.

20.) In August 2001, the Defendant's President advised Plaintiff by memo that her nomination was rejected as "new leadership was needed."

21.) Defendant hired a younger less experienced member of the faculty to be

Chairperson.

22.) In September 2001, Defendant reduced Plaintiffs teaching hours by 3.

   A. This course work was given to a younger faculty member.

   B. This resulted in a reduction of salary to Plaintiff.

23.) Plaintiff has lost wages and other income as a result of this termination.

24.) Plaintiff has suffered economically as a result of Defendant's actions.

25.) Plaintiff has suffered emotionally as a result of Defendant's discriminatory behavior.

## VII. CAUSES OF ACTION

## AS AND FOR A FIRST CAUSE OF ACTION

26.) Plaintiff repeats and incorporates as if re-alleged the allegations in paragraphs "1" through "25".

27.) Because Defendant discriminated against Plaintiff based on her age Defendant violated the New York Executive Law § 296 with knowing or reckless disregard of that Act's proscriptions.

## AS AND FOR A SECOND CAUSE OF ACTION

28.) Plaintiff repeats and incorporates as if re-alleged the allegations in paragraphs "1" through "25".

29.) Because Defendant encouraged and permitted a discriminatory work environment to continue, Defendant violated 29 U.S.C. §621, and the Civil Rights Act of 1991, which prohibits discrimination based on age.

## AS AND FOR A THIRD CAUSE OF ACTION

30.) Plaintiff repeats and incorporates as if re-alleged the allegations in paragraphs "1" through "25".

31.) Because Defendant permitted a discriminatory work environment to continue, Defendant violated 42 U.S.C. §12112, which prohibits discrimination based on disability.

## AS AND FOR A FOURTH CAUSE OF ACTION

32.) Plaintiff repeats and incorporates as if re-alleged the allegations in paragraphs "1" through "25".

33.) Because Defendant discriminated against Plaintiff based on her disability it violated the New York Executive Law §296 (1)(a).

## VIII. PRAYER FOR RELIEF

WHEREFORE Plaintiff prays that this court:

A.) Declare Defendant's conduct to be in violation of her rights;

B.) Enjoin Defendant from engaging in such conduct;

C.) Restore Plaintiff to her rightful place as a Professor of Dental Hygiene, in lieu of reinstatement; order front pay, back pay and benefits for the period remaining until her normal retirement at age 70 in an amount to be determined at trial;

and;

D.) Award her equitable relief of back pay and benefits up to the date of reinstatement of front pay and benefits accrual;

E.) Award her compensatory damages in the following amount:

    i.) Fifty Thousand ($50,000.00) Dollars for emotional distress and mental anguish; and

F.) Award her punitive damages; and

G.) Award her costs and attorney's fees; and

H.) Grant such other relief as to the court may seem just and proper.

## IX. JURY DEMAND

34.) Plaintiff demands a jury to try all claims triable by a jury.

**DATED:** July 31, 2003

**RESPECTFULLY SUBMITTED**
**BERG LAW OFFICE**

By: _____
Stefan D. Berg, Esq.
Bar Roll No.: 506007
*Attorney for Plaintiff*
Office and Post Office Address
309 Arnold Avenue
Syracuse, NY 13210
Telephone: (315) 476-0806